**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GIOVANNY CABALLERO,

    Petitioner,

-vs-                                   **CASE NO: 8:07-CV-2075-T-30EAJ**
                                              Crim. Case No. 8:05-cr-530-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his/her conviction.

UPON consideration of the motion and in accordance with the *Rules Governing Section 2255 Cases in the United States District Courts*, the Court **ORDERS** that:

(a) The Government shall show cause within **SIXTY (60) DAYS** from the date of this Order why the relief sought in the motion should not be granted.

---

[1] Petitioner is cautioned that although he/she is appearing *pro se*, he/she is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2004). Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $4.60 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

(b) As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

    (1) State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

    (2) Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial pleading, but in no case later than thirty (30) days after the filing of the initial pleading; and

    (3) Summarize the results of any direct appellate relief sought by Petitioner and file copies of appellant and appellee briefs from every appellate proceeding.[2]

(c) Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government office listed in the bottom of this Order. **Should Petitioner fail to include the required certificate of service with any document that he/she submits for filing in the Court record, the Clerk of this Court is directed to reject the document and return it without action.**

---

[2] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849 (1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

(d) After Respondent files a response, Petitioner shall have **TWENTY (20) DAYS** within which to file a reply thereto. *See* Rule 5(d), Rules Governing Section 2255 Cases (2004). If Respondent's response incorporates a motion to dismiss, *pro se* Petitioner is advised out of an abundance of caution[3] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondent's response includes documents in support of a request to dismiss/deny the Petition, the Court will construe this request as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

(e) Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

(f) The Clerk is directed to send a copy of Petitioner's motion to vacate and any supporting documentation to the Government.

**DONE** and **ORDERED** in Tampa, Florida on December 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel/Parties of Record

F:\Docs\2007\07-cv-2075.govt resp 1.wpd

---

[3]*See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.