**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


GIOVANNY CABALLERO,

      Petitioner,

v.                                                    CASE NO. 8:07-CV-2075-T-30EAJ

                                                  CRIM. CASE NO. 8:05-CR-530-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.
_____/


### O R D E R

BEFORE THE COURT is Respondent's Motion For Reconsideration of the Court's

Order and to Stay Government's Response Due Date (CV Dkt. 11).  On November 7, 2007,

Petitioner filed his Motion to Reopen/Vacate Sentence and Re-Sentence to Correct P.S.I.(CR

Dkt. 651; CV Dkt. 1).  On December 18, 2007, the Court issued an order construing

Petitioner's motion as a motion to vacate, set aside, or correct an allegedly illegal sentence

pursuant to 28 U.S.C. § 2255, and ordered Respondent to file a response (CV Dkt. 10).

However, prior to construing Petitioner's motion as a § 2255 motion, the Court did not warn

Petitioner of its intention to do so and did not provide Petitioner with the opportunity to

withdraw or amend his motion.

Prior to the Court construing Petitioner's instant *pro se* pleading as a § 2255 motion,

it must apprise Petitioner of the potential consequences of doing so.  *See Castro v. United*

*States*, 540 U.S. 375, 383 (2003) (before recharacterizing a *pro se* litigant's motion as an initial § 2255 motion, the district court must warn the movant of its intent to do so and provide an opportunity to withdraw or amend the motion).

Petitioner is hereby advised that if the Court considers his pleading pursuant to § 2255, he is likely to be barred in the future from filing a second or successive motion under § 2255. The AEDPA prohibits federal prisoners from attacking their convictions through successive habeas corpus petitions except under a few limited circumstances.[1]  Thus, Petitioner has three options: (1) he may have the Court rule on the instant petition as filed; or (2) he may have the Court recharacterize his petition as a motion to vacate pursuant to 28 U.S.C. § 2255; or (3) he may withdraw the instant petition.

Accordingly, it is hereby **ORDERED** that:

1.      Respondent's Motion For Reconsideration of the Court's Order and to Stay Government's Response Due Date (CV Dkt. 11) is **GRANTED**.

2.      Within twenty (20) days of the date of entry of this Order, Petitioner shall

---

[1] Specifically, § 2255 provides in relevant part:

A second or successive motion must be certified as provided by section 2244 by a panel of the appropriate court of appeals to contain -

(1)      newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

advise the Court under which of the three options he wishes to proceed.  If Petitioner fails to select an option, the Court will proceed to resolve the petition as filed and will not recharacterize it as a § 2255 motion to vacate.

3.      Upon the filing of Petitioner's response to this Order, Respondent shall have thirty (30) days from that date to file its response to Petitioner's motion.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Petitioner *pro se*
         United States Attorney